KENNON, Judge.
Plaintiff alleged that it was the owner of certain movable property consisting of a cash register, a pair of scales and a store counter, of a total value of $400, and that same had been loaned to defendant in the year 1937 with the promise and obligation on his part to return same when called for, and that the articles had remained in the possession of defendant until 1946 or 1947, when same had been sold or disposed of without plaintiff’s consent and permission. Plaintiff prayed first that judgment be rendered against defendant for $400 for the valúe of the "articles; in the alternative, plaintiff prayed for $600 as the rental value, and in further, alternative, prayed that its right to possession be recognized and the Sheriff of Natchitoches Parish be ordered to deliver such possession.
Defendant filed a combination plea of vagueness, prescription, denial of the plaintiff corporation’s existence, and oyer.
Plaintiff filed a motion to require defendant to elect between its pleas.
After the court overruled the exception leveled at the existence of the corporation, trial was had on the other pleas and motions, including the plea of prescription, and judgment was rendered maintaining defendant’s plea of prescription of three years. Plaintiff appealed. Defendant filed an answer to the appeal in which, he set forth that the plea of prescription of three *77 years should be maintained,’ and ■ in tibe alternative, in the event the court:.found the three year prescription not applicable, then the plea of prescription of ten years should be maintained.
Article 3506 of the Civil Code provides: "3506. Good faith possession under just title. — If a person has possessed in good faith and by a just title, as owner, a movable thing, ■ during three successive years without interruption, he shall acquire the ownership of it by prescription unless the thing was stolen or lost.” (Italics added.)
The record supports the finding of the District Judge that the defendant’s possession was that of an owner and not-as agent or bailee. Plaintiff’s own witness testified that in 1942 defendant refused to surrender possession of the articles, stating that “they belonged to 'him (defendant).”
Bad faith is never presumed, arid while there is some conflict between plaintiff and defendant on the question of good faith, the testimony supports the finding of the District Court in favor of defendant.
The evidence discloses that the movable property in question which belonged to the plaintiff passed into the possession of defendant not later than the year 1937. The present suit was filed in September, 1949. Consequently, the prescription of three years and the prescription of ten years are both applicable unless interruption is shown.
Articles 3516, 3517 and 3518 of the Revised Civil Code, providing the two modes of interruption of prescription and the definition of each, read as follows:
“3516. Methods of interrupting prescription. — There are two modes of interrupting’ prescription; that is, by a natural interruption, or by a legal interruption.
“3517. Natural interruption defined.— A natural interruption is said to take place when the possessor is deprived of the possession of the thing during more than a year, either iby the ancient proprietor or even by a third person.
“3718. Legal interruption defined. — A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or ""of the' possession; and the prescription is ’interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or.not.”
In support of its case; plaintiff offered testimony that in the year 1942, a written demand was made upon defendant to return the movables to the plaintiff. In support of. this testimony, , plaintiff. introduced the owner of a truck delivery service in Natchitoches who testified that hej at the request of plaintiff, went to defendant arid stated that plaintiff had sent for the articles described in the present suit;’ that defendant stated that he would not, deliver the articles as “they belonged to him (defendant).” This demand and refusal were not deprivation -of defendant’s possession so as to bring about a “natural” interruption of prescription as defined in Article 3517, supra.
Defendant was not sued until the present suit was filed in 1949, more than- ten years after defendant’s possession began. -Com sequently, there was no “legal” interruption of prescription as defined in Article 3518, supra.
The proof is clear that defendant had had possession of the articles in controversy for more than ten years without interruption as' defined in Articles 3516, 3517 and 3518, supra. Therefore, under Article 3509 of the Civil 'Code, he had acquired ownership “without' being obliged to produce a title or to. prove he did not act in bad faith.” Therefore, defendant’s pleas of prescription of three years and of ten year's were each valid.
The judgment is amended so as to maintain the prescription of ten years as well as that of three years and, as amended, same is affirmed, with costs.